IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SMARTSKY NETWORKS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:20-cv-000834 |
| WIRELESS SYSTEMS SOLUTIONS, LLC, a Delaware limited liability company; DAG WIRELESS LTD, an Israeli company; DAG WIRELESS USA, LLC, a North Carolina limited liability company; LASLO GROSS, a North Carolina resident; SUSAN GROSS, a North Carolina resident; DAVID D. GROSS, a resident of Israel | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

For the reasons set out in the Memorandum Opinion and Order entered contemporaneously with this Final Judgment and Permanent Injunction,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

The DAG Defendants' Motion to Dismiss or Compel Arbitration of Complaint and Amended Complaint (Doc. 160) is DENIED as moot; the DAG Defendants' Motion to Vacate Arbitration Award (Doc. 167) is DENIED, and the Wireless Systems Defendants' Motion to Vacate and Modify the Arbitrators Final Award (Doc. 170) is DENIED.

The Wireless Systems Defendants' Motion to Seal Exhibits (Doc. 177) is GRANTED, and SmartSky's Motion to Seal (Doc. 181) SmartSky's Opposition to the Wireless Systems Defendants' Motion to Vacate and Modify the Arbitrators' Final Award (Doc. 180) is GRANTED.

SmartSky's Motion to Confirm Arbitration Award and for Entry of Final Judgment (Doc. 166) is GRANTED and the Final Award is CONFIRMED.

In accordance with the confirmation of the Award, JUDGMENT IS ENTERED in favor of SmartSky and against the Defendants Wireless System Solutions, LLC ("Wireless Systems"), DAG Wireless Ltd. ("DAG Wireless"), DAG Wireless USA, LLC ("DAG Wireless USA"), Laslo Gross, Susan Gross, and David Gross (collectively "Defendants") as follows:

1. SmartSky is awarded a judgment for damages and other monetary relief against the Defendants as follows

    a. Ten Million Dollars ($10,000,000.00) in damages against Wireless Systems on SmartSky's claims for breach of the April 11, 2019 Teaming Agreement (the "Teaming Agreement") between SmartSky and Wireless Systems and for breach of other agreements between SmartSky and Wireless Systems; and

    b. the following amounts are awarded to SmartSky against all of the Defendants (Wireless Systems, DAG Wireless, DAG

Wireless USA, Laslo Gross, Susan Gross, and David Gross), jointly and severally:

    i. $1,963,676.59 for legal fees and expenses incurred by SmartSky;

    ii. $525,215.45 for Arbitration costs incurred by SmartSky; and

    iii. $60,000.00 in sanctions for the Defendants' violations of interim orders of the Tribunal appointed in the Arbitration.

2. Wireless Systems, DAG Wireless, DAG Wireless USA, Laslo Gross, Susan Gross, and David Gross, and each of them, as well as persons or entities acting in concert or participation with them or otherwise on their behalf, including their successors or assigns, shall immediately cease and desist and are hereby permanently enjoined from engaging, directly or indirectly, in any of the following activities or conduct:

    a. making, causing to be made, developing, certifying or attempting to certify with any government agency, using, copying, modifying, marketing, promoting, offering to sell, selling, or distributing any or all "Product" or "Developed IP" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below) developed or produced by Wireless Systems, DAG Wireless, or DAG Wireless USA pursuant to or in connection with any agreement executed by SmartSky and Wireless Systems, or derivatives of such "Product" or "Developed IP," for use within the "SSN Field of Use" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below);

    b. making or causing to be made any use or disclosure of any or all "Confidential Information" of SmartSky, "SSN

3

IP," or "SSN Tools" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below), or derivatives thereof;

  c. making or causing to be made any use or disclosure of information of SmartSky subject to a non-disclosure agreement which they, or any of them, executed with SmartSky including that Non-Disclosure Agreement dated January 15, 2019;

  d. passing off all or any part of SmartSky's "Confidential Information," "Product," "SSN IP," "SSN Tools," or "Developed IP" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below), including derivatives thereof, as the property of Wireless Systems, DAG Wireless, DAG Wireless USA, Laslo Gross, Susan Gross, and/or David D. Gross, including their successors and assigns; and/or

  e. engaging in any other false or misleading commercial advertising, promotions, or representations, including but not limited to statements made directly or indirectly through the use of pseudonyms or proxies, on websites, in press releases, or in interviews, which:

   i. state or suggest that Wireless Systems, DAG Wireless, DAG Wireless USA, Laslo Gross, Susan Gross, and David Gross, or any of them or their successors or assigns, have developed, have obtained regulatory certification of, or have or will have available for purchase or sale any air-to-ground wireless communications system or product that uses or is based upon SmartSky's "Confidential Information," "Product," "SSN IP," "SSN Tools," or "Developed IP," or derivatives thereof, in the "SSN Field of Use" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below);

   ii. attempt to pass off or represent any "Confidential Information" of SmartSky, "SSN IP," "SSN Tools," "Developed IP," or "Product" (as those terms are defined in the Teaming Agreement and as the definitions are incorporated below), or derivatives thereof, as developed by or belonging to Wireless Systems, DAG Wireless, DAG Wireless USA, Laslo Gross, Susan Gross, and/or David Gross, or their successors or assigns; and/or

   iii. disparage SmartSky or attempt to discourage any person or entity from doing business with SmartSky.

3. The Court sets forth the following definitions from the Teaming Agreement as referenced in the permanent injunction above:

   a. "Product" is defined as "the production units [SmartSky] commissions [Wireless Systems] to develop, procure, integrate, produce, deliver, and support exclusively for [SmartSky] for the SSN Field of Use as defined herein."

   b. "SSN Field of Use" is defined as "communications networks, information exchange, and enabling information tools, all for use in aviation related operations including air-to-surface, surface-to-air, and air-to-air communications."

   c. "SSN IP" is defined as follows:

   "(a) all Intellectual Property of [SmartSky] existing prior to, or invented or developed by, for, or on behalf of [SmartSky] independent of this Agreement, (b) Work Product and Developed IP (except as otherwise provided in a SOW), (c) any Intellectual Property as described in the applicable SOW [Statement of Work] as SSN IP and owned by SSN, and (c) any Intellectual Property set forth in the attached Exhibit A."

   d. "Intellectual Property" is defined as:

   "Intellectual Property means all of the following, whether protected, created or arising under the laws of any domestic or foreign jurisdiction: (a) patents, patent applications (along with all patents issuing thereon), statutory invention registrations, and divisions, continuations, continuations-in-part, and substitute applications of the foregoing, and any extensions, reissues, restorations and reexaminations of the foregoing, and all rights therein provided by international treaties or conventions including, without limitation, the exclusive right to make, use and sell, (b) know-how, ideas, processes, discoveries, methods, copyrights, mask work rights, database rights and design rights, whether or not registered, published or unpublished, and registrations and applications

5

for registration thereof, and all forms of intellectual property rights therein whether provided by international treaties or conventions or otherwise, (c) trade secrets, (d) Marks, (e) all rights arising from or in respect of domain names and domain name registrations and reservations, and (f) all other applications and registrations related to any of the rights set forth in the foregoing clauses (a)-(f) above."

 e. "Developed IP" is defined as:

"For each SOW [Statement of Work agreed to by {SmartSky} and {Wireless Systems}], the Parties agree to cooperate in good faith to identify and detail the scope of the work to be performed under the applicable SOW and to specify the ownership rights to all Work Product. The Parties agree that in the absence of any such specification of ownership in the applicable SOW, any Work Product (and all Intellectual Property rights contained therein) produced for such SOW, excluding any WSS IP, shall be owned by [SmartSky]. Any Work Product, and Intellectual Property rights contained therein, owned by [SmartSky] shall be referred to hereafter as 'Developed IP'. Further, [Wireless Systems] hereby acknowledges and agrees that [SmartSky] shall own all right, title and interest in and to the Product, and all Intellectual Property rights contained therein, except for [Wireless Systems'] ownership rights in any WSS IP incorporated into the Product, which [SmartSky] shall have a license to pursuant to Section 8.03. Additionally, and notwithstanding anything in the Agreement or a SOW that may be interpreted to the contrary, [Wireless Systems] hereby acknowledges and agrees that [SmartSky] shall be the exclusive owner of all right, title and interest in and to any and all developments, improvements, enhancements, or derivatives to any SSN IP, including without limitation, [SmartSky's] patent portfolio set forth in Exhibit A."

 f. "Work Product" is defined as follows:

"all inventions, including improvements/enhancements, discoveries, ideas, technologies, know-how, work product, concepts, material, methods, processes, disclosures, Software, firmware, Materials, molds, fixtures, test equipment, computer language, programming aids, documentation, or any other property conceived, developed, originated, fixed or reduced to practice in connection with, or as a result of, the services as ordered through a Purchase Order and performed under a SOW, whether or not patentable,

copyrightable or subject to mask work rights or other forms of protection."

  g. "Confidential Information" is defined as:

"... the terms and conditions of this Agreement, the existence of the discussions between the Parties, any information disclosed in connection with the development and integration projects being undertaken as described above, and any proprietary information a Party considers to be proprietary, including but not limited to, information regarding each Party's product plans, product designs, product costs, product prices, finances, marketing plans, business opportunities, personnel, research and development activities, know-how and pre-release products; provided that information disclosed by the disclosing Party ('Disclosing Party') in written or other tangible form will be considered Confidential Information by the receiving Party ('Receiving Party') if such information is conspicuously designated as 'Confidential,' 'Proprietary' or a similar legend, or if the circumstances of disclosure would reasonably indicate such treatment. Information disclosed orally shall only be considered Confidential Information if: (i) identified as confidential, proprietary or the like at the time of disclosure, and (ii) confirmed in writing within thirty (30) days of disclosure."

  h. "SSN Tools" is defined as:

"Any such Materials, tools, equipment or facilities furnished to [Wireless Systems] by or on behalf of [SmartSky] or purchased by [SmartSky] from [Wireless Systems] (through a separate Purchase Order or as an item under a SOW) for use in connection with the performance by [Wireless Systems] hereunder (collectively the 'SSN Tools') shall be held by [Wireless Systems] as [SmartSky's] property and shall not be used by [Wireless Systems] except for the purpose of [Wireless System's] performance under the applicable Purchase Order and SOW."

  4. The Award also required the Defendants to do the following within fifteen (15) business days from the date of the Award (or by October 22, 2021), which is also confirmed as part of this Final Judgment and Permanent Injunction:

7

a. take all actions necessary to ensure that the Federal Communications Commission ("FCC") expeditiously transfers control of any and all FCC certification grants associated with the grantee code 2AWXX to SmartSky pursuant to the procedures set forth in 47 C.F.R. § 2.929(d) and FCC Office of Engineering and Technology Knowledge Database publication no. 204515; and provide SmartSky with the current, valid Grantee Code Registration Number for grantee code 2AWXX; and

   b. at their own expense, destroy all "Confidential Information" of SmartSky, "SSN IP," and "Developed IP" (as those terms are defined in the Teaming Agreement) currently in their possession or in the possession of entities controlled by, affiliated with, or directed by them, and provide written certification to SmartSky that all such material has been destroyed.

All of Wireless Systems' counterclaims alleged against SmartSky in this lawsuit are DISMISSED WITH PREJUDICE.

                                   /s/   Thomas D. Schroeder
                                   United States District Judge

February 7, 2022